**Lemuel Villalobos FLORES; Nancy Elizabeth Ceballos Guadarrama, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73778.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Ramirez, Esquire, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioners.

Ernesto H. Molina, Jr., Esquire, OIL, Kathleen Kelly Volkert, Jeffrey R. Leist, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lemuel Villalobos Flores and Nancy Elizabeth Ceballos Guadarrama, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their applications for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601–03 (9th Cir.2006).

■ Petitioners' contention that the BIA denied them due process by failing to consider the entirety of the evidence they submitted fails because they have not overcome the presumption that the BIA did review the record. *See id.* at 603.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Petitioners' contention that the BIA deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**